UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

| | |
|---|---|
| ZOHO CORPORATION, et al., Plaintiffs, v. TARGET INTEGRATION, INC., et al., Defendants. | Case No. 23-cv-00054-SI **JUDGMENT** |

On July 12, 2024, the Court issued an order granting entry of default judgment in favor of plaintiffs Zoho Corporation and Zoho Corporation Pvt. Ltd. (collectively, "Zoho") against defendants Target Integration, Inc., ("TII") and Target Integration Consultancy Pvt. Ltd. ("TICPL") (collectively, "Target Integration").

**NOW THEREFORE, IT IS ORDERED, ADJUGED, AND DECREED AS FOLLOWS:**

1. Judgment is entered in favor of Zoho and against defendants TII and TICPL, jointly and severally, in the amount of **$1,254,231.11** on claims of misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq. ("DTSA") and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, et seq. ("CUTSA"). This judgment is comprised of the following:

   a. $586,788.16 in compensatory damages;
   b. $586,788.16 in exemplary damages;
   c. $1,780.79 in costs; and
   d. $78,874.00 in attorneys' fees.

Post-judgment interest on this money judgment shall accrue pursuant to 28 U.S.C. § 1961(b) until paid.

2. Defendants TII and TICPL, and all persons or entities under their direction or control, whether acting individually or in concert with other people or entities, or whether acting directly or indirectly, are permanently enjoined from directly or indirectly from: (i) all current and future misappropriation and unauthorized possession, use, or disclosure of any Zoho confidential and proprietary information; and (ii) all current and future misappropriation and unauthorized possession, use, or disclosure of any information Target Integration has viewed, accessed, copied, or otherwise obtained from Zoho's CRM database, including any leads, customer, partner, product, financial, sales, or other business information, and any leads or customer lists ("Zoho Trade Secrets").

3. Defendants TII and TICPL must certify, in writing, under oath, within 30 days of entry of final judgment that they have returned and/or destroyed all Zoho Trade Secrets and no longer have Zoho Trade Secrets, or materials containing or reflecting Zoho Trade Secrets, in their possession, custody or control.

4. Defendants TII and TICPL also must certify, in writing, under oath, within 30 days of entry of final judgment the identities of all Target Integration employees and any third parties who have had access to Zoho Trade Secrets.

5. Any Target Integration employee identified in Paragraph 4 above is hereby enjoined from being involved in any sales or marketing products in competition with Zoho.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: July 12, 2024

Susan Illston

SUSAN ILLSTON
United States District Judge